UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**LAURA H.,**

    **Plaintiff,**

    v.

**King**

**MICHELLE KING[1],**
**Acting Commissioner of Social Security,**

    **Defendant.**

Case No. 2:22-cv-4523
Magistrate Judge Norah McCann

## OPINION AND ORDER

This is an action under 42 U.S.C. § 405(g) in which Plaintiff appeals from the final decision of the Commissioner of Social Security denying her October 2019 application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. By earlier *Opinion and Order*, ECF No. 35, and *Final Judgment*, ECF No. 36, this Court granted the Commissioner's *Motion to Remand*, ECF No. 26. This matter is now before the Court on *Plaintiff's Motion for Clarification*, ECF No. 37 ("*Motion for Clarification*"). The Commissioner opposes the motion, *Defendant's Response to Plaintiff's Motion for Clarification*, ECF No. 40, and Plaintiff has replied in support of her motion,

---

[1] Michelle King, the current Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

*Plaintiff's Reply to Defendant's Response to Motion for Clarification*, ECF No. 43 ("*Reply*"). For the reasons that follow, the Court grants Plaintiff's *Motion for Clarification*, in part.

## I.   PROCEDURAL HISTORY

In her October 2019 application for DIB, Plaintiff alleged that she has been disabled since July 21, 2019. R. 156-59. The Commissioner's final decision held that Plaintiff was not disabled within the meaning of the Social Security Act from that date through September 29, 2021, *i.e.*, the date of the decision of the Administrative Law Judge. *See* R. 16-28. In her original brief before this Court, Plaintiff asked that the Commissioner's decision be reversed pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that the Court remand the matter to the Commissioner for further proceedings. *Plaintiff's Brief*, ECF No. 20. In response, the Commissioner asked that the Court remand the action to the Commissioner for further fact finding pursuant to Sentence 4 of 42 U.S.C. § 405(g). *Motion to Remand*, ECF No. 26. In opposing the Commissioner's motion to remand, Plaintiff took the position that the administrative record had been fully developed and that the Court should therefore remand the action with instructions to award benefits. *Response in Opposition*, ECF No. 27.

In granting the Commissioner's *Motion to Remand*, this Court observed that the record reflected conflicting medical evidence and that the ALJ had not

considered the effect, if any, on Plaintiff's ability to perform sustained work activities by reason of her participation in a partial care or hospitalization program. *Opinion and Order*, ECF No. 35. The Court therefore denied Plaintiff's request for an award of benefits and granted the Commissioner's request that the decision of the Commissioner be reversed pursuant to Sentence 4 of 42 U.S.C. § 405(g). The Court remanded the matter to the Commissioner for further proceedings, including further fact finding:

> Specifically, on remand, the Commissioner is authorized to obtain medical expert evidence; to further consider the opinion evidence in the record, including the opinions of Doctors Lam, Goldbas, and Briski; to consider Plaintiff's RFC and whether the use of an assistive device is medically necessary and whether Plaintiff's mental health treatment impacts her ability to engage in work on a regular and continuing basis; if necessary, to obtain supplemental vocational expert evidence; and to issue a new decision.

*Id*., at PageID# 778. In her *Motion for Clarification*, Plaintiff does not pursue her request for an award of benefits; she argues, however, that the Court erred in the scope of its order of remand.

## II. STANDARD

Plaintiff's *Motion for Clarification* is filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which addresses a motion to alter or amend a judgment. The Rule has been defined as "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). In order to prevail, the moving party

3

must show (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Powell v. Saul*, No. 1:18-cv-02196, 2020 WL 3187195, *1 (M.D. Pa. June 15, 2020). As the Court reads Plaintiff's motion, Plaintiff contends only that the Court erred in its articulation of the scope of remand.

## III.   DISCUSSION

Plaintiff's primary concern appears to flow from the fact that a subsequent application filed by her was granted on April 1, 2023, with a finding of disability as of September 20, 2021—*i.e.*, the day after the September 29, 2021, unfavorable decision that is the subject of this case. *Notice*, attached to *Plaintiff's Brief*, ECF No. 20-1. Plaintiff asks that this Court's order of remand "specif[y] that it is limited to the time period adjudicated in the ALJ decision under review, a period which is clearly under this Court's jurisdiction. . . ." *Motion for Clarification*, ECF No. 37, PageID# 783-84. However, implicit in the Court's *Opinion and Order*, if not actually explicit, is the very limitation sought by Plaintiff.

At the outset of its *Opinion and Order*, ECF No. 35, the Court identified the "matter" before it as relating to "the October 2019 application of Plaintiff. . ." and "the final decision of the Commissioner of Social Security denying that

4

application." *Id.* at PageID# 766. The Court concluded the *Opinion and Order* by remanding "the matter to the Commissioner pursuant to Sentence 4 of 42 U.S.C. § 405(g) for further proceedings. . . ." *Id*. at PageID# 778. There is simply no basis for reading the Court's order of remand as addressing any "matter" other than the final decision of the Commissioner finding that Plaintiff was not disabled from July 21, 2019, through September 29, 2021. Plaintiff's subsequent application for benefits and the Commissioner's favorable decision on that application were not, and are not, before this Court. To the extent that Plaintiff seeks to clarify the Court's order to specify the time period adjudicated in the particular decision under review, then, Plaintiff's request is unnecessary and her *Motion for Clarification* is without merit.[2]

---

[2] It may be that Plaintiff fears a reopening of the subsequent, successful, award of benefits; she acknowledges that the Commissioner's regulations may permit that possibility. *Motion for Clarification*, ECF No. 37, PageID# 783 (citing 20 C.F.R. §§ 404.987, 404.988). For reasons not apparent to the Court, Plaintiff draws "a distinction between the HALLEX and the regulations," *Reply*, ECF No. 43, PageID# 802. *See also Motion for Clarification*, ECF No. 37, PageID# 782 n. 1 ("[T]he HALLEX lack the force of law."), PageID# 783 (the HALLEX is "non-binding"). Because the only period currently at issue before this Court is the period from July 21, 2019, through September 29, 2021, the Court expresses no opinion on whether or under what circumstances the Commissioner may re-open the later decision awarding benefits to Plaintiff. *See Rivera v. Astrue*, No. CIV.07-1912 (JBS), 2008 WL 3285850, at *18 (D.N.J. Aug. 8, 2008) ("This Court agrees with Claimant that any remand of the instant action should concern only the February 22, 2002 SSI application, but cannot comment on whether the Appeals Council may re-open the 2005 decision of its own accord."). *See also Surrusco v. Berryhill*, No. 16-CV-4649 (JFB), 2017 WL 3017197, at *3 (E.D.N.Y. July 17, 2017) ("[W]here a plaintiff seeks to preclude review of a *subsequent* benefits

Plaintiff also asks that, in light of the Court's judgment that permits the Commissioner to obtain additional evidence on remand, the Court also expressly require the Commissioner to conduct a new hearing and to reassess Plaintiff's subjective complaints, and to offer Plaintiff the opportunity to testify and to present evidence on remand. *Motion to Clarification*, ECF No. 37, PageID# 786; *Reply*, ECF No. 43, PageID# 808. Perhaps assuming, as did the Court, that proceedings on remand would include not only a new decision but also a new hearing and the opportunity for the introduction of new testimony and evidence, the Commissioner's response to Plaintiff's motion does not address this request. *See generally, Defendant's Response to Plaintiff's Motion for Clarification*, ECF No. 40. Rather than rely on an unarticulated assumption, however, the Court grants Plaintiff's motion to that extent and will issue an amended judgment reflecting these terms.

**WHEREUPON** *Plaintiff's Motion for Clarification*, ECF No 37, is **GRANTED IN PART AND DENIED IN PART.** The Court's disposition of this matter, as reflected in its *Opinion and Order*, ECF No. 35, is **AMENDED** to read as follows:

---

determination that is not part-and-parcel of the decision *sub judice,* a court lacks the authority to prevent the Commissioner from revisiting the second finding upon remand of the antecedent action.") (emphasis in the original).

The Court **GRANTS** the *Motion to Remand*, ECF No. 26. The Court **REVERSES** the Commissioner's decision and **REMANDS** the matter to the Commissioner pursuant to Sentence 4 of 42 U.S.C. 405(g) for further proceedings, including further fact finding. Specifically, on remand, the Commissioner is authorized to obtain medical expert evidence; to further consider the opinion evidence in the record, including the opinions of Doctors Lam, Goldbas, and Briski; to consider Plaintiff's RFC and whether the use of an assistive device is medically necessary and whether Plaintiff's mental health treatment impacts her ability to engage in work on a regular and continuing basis; if necessary, to obtain supplemental vocational expert evidence; to hold a new hearing and to offer Plaintiff the opportunity to testify and present evidence in support of her claim; to reassess Plaintiff's subjective complaints; and to issue a new decision.

The Court will issue an amended judgment to this effect.

    **IT IS SO ORDERED.**


Date:  February 7, 2025         *s/Norah McCann King*
                                                        NORAH McCANN KING
                                       UNITED STATES MAGISTRATE JUDGE